HOWARD G. BISHOP, Appellant, Impleaded with ESTELLE TOMPKINS BISHOP, His Wife, Plaintiff, v. WILLIS P. THOMAS and Others, Defendants, Impleaded with BESSIE BODETTE AKIN and Others, Appellants, and NEW YORK CENTRAL RAILROAD COMPANY and Others, Respondents.— Judgment affirmed, with costs. No opinion. Young, Kapper and Scudder, JJ., concur; Lazansky, P. J., and Carswell, J., dissent in part. They favor affirmance as to defendant State of

New York, there being consent thereto. They favor affirmance as to defendant Bay State Shoe and Leather Company as to parcel granted to it by the State of New York in 1895, being parcel " C " on plaintiff's Exhibit 327, and also as to parcel " D " on same exhibit, being of the opinion that defendant Bay State Shoe and Leather Company acquired title to said parcels " C " and " D " by adverse possession. They favor reversal of the judgment and a new trial as against said defendant Bay State Shoe and Leather Company as to parcel " B-1 " on said plaintiff's Exhibit 327. They favor a reversal of the judgment and a new trial as against defendant railroad company and defendant Washburne & Todd Company in so far as said defendants claim any land or lands under water west of a line drawn 100 feet, more or less, west of the center line of the defendant railroad company's right of way, as indicated on defendants' Exhibit N-4. The deeds from Elijah Hunter to Marsh and Jackson of the parcels known as the Marsh and Jackson parcels respectively did not convey the lands under water adjoining said parcels. While it may be inferred that Gilbert Hunter, the son of Elijah Hunter, conveyed the so-called· Stanton-Leggett parcel, there are no facts from which it may be inferred that he conveyed the lands under water adjoining the same. Inferring a conveyance by Gilbert Hunter of these two parcels of upland, characterized as " Smith Farm," does not permit an inference that the lands under water in front thereof were likewise conveyed. The usual presumption does not obtain. The trial court found that Elijah Hunter and Gilbert Hunter died without having title to the lands under water in front of the three parcels mentioned. The dissenting justices find to the contrary, as above stated. There are facts sufficient upon which to predicate title by adverse possession to parcels " B " and " D," claimed by defendant Bay State Shoe and Leather Company, but not as to parcel B-1. As to defendant railroad company, and defendant Washburne & Todd Company which claims through the. railroad company, there are no facts which show title by adverse possession further than 100 feet, more or less, west of the center line of the railroad company's right of way, as plainly shown on defendants' Exhibit N-4. In fact, there is testimony of a witness, Spalding, called by the railroad company, that the filling in by the railroad company west of the old westerly exterior line of the railroad company's right of way did not begin until 1905. Other testimony justifies the conclusion that adverse possession existed as indicated on defendants' Exhibit N-4.